﻿Citation Nr: AXXXXXXXX
Decision Date: 02/28/20 Archive Date: 02/27/20

DOCKET NO. 181204-1475
DATE: February 28, 2020

ORDER

Entitlement to an effective date prior to July 1, 2016 for the award of service connection for posttraumatic stress disorder (PTSD) is denied.

FINDING OF FACT

VA received the Veteran’s claim for entitlement to service connection for PTSD on July 1, 2016.

CONCLUSION OF LAW

The criteria for an effective date prior to July 1, 2016 for the award of service connection for PTSD have not been met. 38 U.S.C. §§ 5107, 5110; 38 C.F.R. §§ 3.156(c); 3.400.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from April 1980 to September 1981.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s Rapid Appeals Modernization Program (RAMP). See July 2018 Ramp Opt-In Election Form. 

In March 2017, a rating decision was issued by a Department of Veterans Affairs (VA) Regional Office (RO), which granted the Veteran’s claim for entitlement to service connection for posttraumatic stress disorder (PTSD) and assigned an effective date of July 1, 2016. The Veteran appealed the effective date of the award. 

In July 2018, the Veteran filed an Opt-in Election form for the Rapid Appeals Modernization Program (RAMP) Higher-Level Review. After the Veteran’s election into RAMP, the agency of original jurisdiction (AOJ) issued a new rating decision in October 2018, under the AMA framework. The AOJ’s RAMP decision indicates that the Veteran’s claim for an earlier effective date was denied because the evidence did not show that she filed a claim for compensation prior to July 1, 2016. No favorable findings were identified in the decision.

The Veteran appealed the October 2018 RAMP decision and elected the Board Hearing Review option. In November 2019, the Veteran testified at a videoconference hearing before the undersigned Veterans Law Judge (VLJ). A transcript of the hearing has been associated with the Veteran’s claims folder.

In accordance with the AMA framework, the Veteran was permitted 90 days following the date of the hearing to submit additional relevant evidence. Therefore, the Board may consider the newly obtained evidence and proceed to adjudicate the merits of the Veteran’s claim to the extent possible based on the current evidence of record.

Entitlement to an effective date prior to July 1, 2016 for the award of service connection for posttraumatic stress disorder (PTSD) 

The Veteran contends that she is entitled to an effective date of September 16, 2015 for the grant of service connection for PTSD as that is the date she first met with a Veterans Service Organization (VSO) regarding her claim. More specifically, the Veteran advances that she thought the service organization was going to submit her claim that date. 

Generally, the effective date of an award of disability compensation based on an original claim shall be the date of receipt of the claim or the date entitlement arose, whichever is later. 38 U.S.C. § 5110(a); 38 C.F.R. § 3.400. Effective on March 24, 2015, VA amended its rules as to what constitutes a claim for benefits. VA now requires that claims be made on a specific claim form prescribed by the Secretary, which is available online or at the local Regional Office. However, a Veteran can submit an Intent to File form up to 1 year prior to submitting the formal claim to serve as the basis of an effective date. 

The Veteran contends that when she met with the VSO in September 2015, the VSO had “staffing issues” that prevented adequate training for the representatives regarding the new claim process. She stated that she relied on the VSO to advocate for her and file the proper paperwork to initiate her claim. The Veteran indicated that she filed a claim as soon as she was made aware that the VSO had not submitted a claim on her behalf. She further finds fault with VA for not ensuring that the VSO was properly trained once the rules regarding submission of claims were amended in March 2015. 

The Veteran’s VA Form 21-526EZ is date-stamped July 1, 2016. Unfortunately, the Board does not find any evidence of record that an Intent to File or a formal claim for service connection for PTSD was filed prior to that date. Regulations require an effective date for service connection to be the date of claim or the date entitlement arose, whichever is later. While the Board is sympathetic to the Veteran’s argument that she relied on the VSO to file the proper paperwork and preserve an earlier effective date, the Board is bound by present law. Accordingly, the claim for an effective date prior to July 1, 2016 must be denied. 38 U.S.C. § 5110; 38 C.F.R. § 3.400(b)(2)(i).

 

 

CAROLINE B. FLEMING

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board L. Connor, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.